RAYMOND L. AND BARBRA J. HATHCOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hathcock v. Commissioner
Docket No. 12485-91
United States Tax Court
T.C. Memo 1994-605; 1994 Tax Ct. Memo LEXIS 613; 68 T.C.M. (CCH) 1389; December 12, 1994, Filed *613 An order will be entered granting respondent's motion for summary judgment, and decision will be entered under Rule 155. Raymond L. and Barbra J. Hathcock, pro sese. For respondent: Louis H. Hill. DAWSON, GOLDBERG
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Stanley J. Goldberg, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. By notice of deficiency dated March 21, 1991, respondent determined deficiencies in and additions to petitioners' Federal income taxes in the following amounts: Additions to Tax
Sec. Sec. Sec. Sec. Year
Deficiency 6653(b)(1)(A)
6653(b)(1)(B)
6653(b)(1) 6661(a)
1987
$ 7,054
$ 5,279.25
[1]
--  $ 1,763.50
1988
3,966
--  --
$ 2,963.25
--  *614 Respondent also determined that interest due on the deficiencies would be computed pursuant to the increased interest rate imposed under section 6621(c). On June 17, 1991, petitioners filed their petition disputing respondent's determinations. Petitioners resided in Westerville, Ohio, when they filed their petition. On August 22, 1991, respondent filed an answer denying petitioners' assignments of error and affirmatively alleging that part of the underpayment of tax for 1987 and 1988 was due to fraud. On January 31, 1992, in response to an Order of the Court, petitioners filed a reply to respondent's answer in which they denied the affirmative allegations of fraud and raised numerous "affirmative defenses" in the nature of tax protester arguments heard time and again by this Court. To summarize, petitioners contend that: (1) They are sovereign State citizens of Ohio State Republic and, therefore, are not subject to Federal tax; (2) they have not entered into any contract with any Federal or State agency which would subject them to Federal rule; (3) this Court lacks personal and subject matter jurisdiction over petitioners because they are not involved in any taxable activity *615 such as dealings with alcohol, tobacco, or firearms; and ( 4) the Internal Revenue Code is invalid. On November 6, 1992, a notice by petitioners was lodged with the Court stating that they were withdrawing their petition on account of fraud perpetrated by the Federal Government. Respondent promptly filed a motion for sanctions, which was granted after petitioners failed to appear at a hearing on the matter. On September 27, 1993, respondent served on petitioners a Request for Admissions requesting that the facts set forth therein be admitted or denied. Pursuant to Rule 90, respondent's request was filed with the Court on September 29, 1993. Petitioners did not respond. Under Rule 90(c), matters set forth in requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow". If the time to file a response to the request for admissions is not extended and no answer or objection to the request is filed within the 30-day period, the statements in the request are automatically deemed admitted without the entry of an Order by the Court. *616 ; , affd. on other grounds . Since petitioners in the instant case have taken no affirmative action in response to respondent's request, the facts set forth in the request for admissions are deemed admitted. The deemed admissions establish that the deficiencies in the instant case result from petitioners' concealment of taxable income received from R & B Company (the company). The company was incorporated under the laws of the Turks and Caicos Islands in 1986. The company's corporate resolutions and certification of officers list petitioner Raymond L. Hathcock (Hathcock) as president and petitioner Barbra J. Hathcock as secretary. During 1987 and 1988, the company's address was petitioners' residence. At all times relevant herein, Hathcock provided computer repair and technical services to the public, and instructed his clients to make payment for such services to the company. In 1987 and 1988, Hathcock's clients paid the company $ 20,070.20 and $ 12,379.50, *617 respectively, and these funds were deposited into the company checking account, over which petitioners had signatory authority. The aggregate amount of deposits into the company checking account was $ 32,070.20 in 1987 and $ 24,379.50 in 1988. Hathcock received a total of $ 28,100 in 1987 and $ 19,100 in 1988 from checks drawn on this account. In addition, during each year at issue, petitioners wrote checks payable to the company drawn on their personal checking account in the aggregate amount of $ 12,000. They deducted these payments as interest, claiming investment interest deductions of $ 6,500 in 1987 and $ 4,000 in 1988 on their Federal tax returns. The deemed admissions also establish that the company was a complete sham and was established to conceal Hathcock's receipt of compensation for his services. The company did not file Federal tax returns, Forms W-2, or Forms 1099 for 1987 or 1988, and petitioners failed to report any income from Hathcock's services on their joint income tax returns. Furthermore, no portion of the amounts claimed by petitioners as investment interest actually represented interest payments. On November 18, 1993, respondent filed the subject motion *618 for summary judgment. In her motion, respondent claimed reduced deficiencies of $ 4,758 for 1987 and $ 2,512 for 1988. This reduction stems from respondent's position that petitioners omitted less income from their returns for each year than was determined in the notice of deficiency. [2] In their objection to respondent's motion, petitioners expanded upon their tax protester rhetoric. At no time did they address the substantive allegations of the motion or attempt to refute the facts contained in the request for admissions. Furthermore, petitioners failed to appear at the hearing on respondent's motion in Columbus, Ohio, on May 2, 1994. Under Rule 121, a summary *619 adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . Respondent's motion is supported by the deemed admissions. Matters deemed admitted pursuant to Rule 90 are conclusively established and are sufficient to support the granting of a motion for summary judgment. . Petitioners' response to respondent's motion is nothing more *620 than a collection of stale tax protester arguments that have been repeatedly rejected by every court before which they have been raised. See, e.g., . We will not refute petitioners' arguments with somber reasoning and copious citations as if such arguments possessed some colorable merit. . Petitioners did not appear at the hearing on respondent's motion, despite notice from this Court, and the deemed admissions clearly establish that no genuine issue of material fact exists as to the deficiency determinations. . Accordingly, respondent is entitled to summary judgment with respect to such determinations as a matter of law. With regard to her determination that petitioners are liable for additions to tax under section 6653(b)(1)(A) and (B) for 1987, and section 6653(b)(1) for 1988, respondent must prove by clear and convincing evidence that some part of the underpayments of tax was due to fraud. Rule 142(b); sec. 7454(a). Fraud is defined as *621 an intentional wrongdoing designed to evade tax believed to be owing. . Respondent's burden must be met through affirmative evidence because fraud is never imputed or presumed. . Respondent may, however, rely solely on facts that are deemed admitted under Rule 90(c). ; . Petitioners' deemed admissions contain numerous clear statements of their fraud and intent to evade taxation during 1987 and 1988. For example, that they fraudulently and with intent to evade tax failed to report taxable income, claimed investment interest deductions, and understated their income tax liability for the taxable years at issue. As a result, we hold that there is no genuine issue of material fact with respect to respondent's determinations of the additions to tax imposed for fraud. Such additions are to be computed on the full amounts of petitioners' tax deficiencies *622 of $ 4,758 and $ 2,512 for 1987 and 1988, respectively. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. Sec. 6661(a); . An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). In the instant case, petitioners reported their tax liability on their 1987 Federal income tax return(s) to be $ 911, and they are now deemed to have admitted that their reported liability was substantially understated for that year. Consequently, no genuine issue of material fact exists, and respondent is entitled to a decision on this issue as a matter of law. Section 6621(c) provides for an increased rate of interest on substantial underpayments of tax attributable to tax-motivated transactions. The increased rate, equal to 120 percent of the statutory rate imposed on underpayments, is applied if the underpayment at issue exceeds $ 1,000 and is attributable to any sham or fraudulent transaction. Sec. 6621(c)(3)(A)(v). In the instant case, the underpayments *623 in both years exceed $ 1,000. Furthermore, petitioners are deemed to have admitted that their company was a sham lacking economic substance and that their omissions of income and interest deductions were fraudulent. [ILLEGIBLE TEXT] genuine issue of material fact remains, respondent is entitled to a decision with respect to this issue as a matter of law.
The final matter we consider is whether we should, on our own motion, award a penalty to the United States under section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400. This section provides, in pertinent part: (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (b) the taxpayer's position in such proceeding is frivolous or groundless, or
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
A petition to the Tax Court is frivolous if it is contrary *624 to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner [86-1 USTCP9401], . The record in this case establishes that petitioners had no interest in disputing respondent's determinations. Furthermore, it is clear that they instituted this action to delay the assessment and collection of Federal income tax rightfully due. Petitioners are classic tax protesters raising traditional protester arguments that are frivolous and groundless. Taxpayers with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioners to pay a penalty to the United States in the amount of $ 3,000. See ; . To reflect the foregoing, An order will be entered granting respondent's motion for summary judgment, and decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest on $ 7,039.↩
2. Respondent determined in the notice of deficiency that the amounts of income unreported in 1987 and 1988 were $ 28,200 and $ 19,100, respectively. However, in her answer and the motion for summary judgment, respondent has taken the position that the income omitted from petitioners' returns for 1987 and 1988 was $ 20,070.20 and $ 12,379.50, respectively.↩